**Conrad Justin ADKINS,
Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38619.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 13, 1977.

William J. Shaw, Public Defender, William B. Haller, Asst. Public Defender, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Carson Elliff, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Steve Golden, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

Petitioner Conrad J. Adkins, previously convicted of five felonies on his pleas of guilty, appeals from the trial court's denial of his second motion under Rule 27.26, VAMR.[1] We affirm the denial in accordance with Rule 27.26(d) because petitioner has failed to sustain his burden of demonstrating "any new ground raised in a second motion [that] could not have been raised by him in the prior motion." We consider, however, petitioner's specific points relied on.

Petitioner's first point is that the court erred in denying his second motion because it failed to make findings of fact and conclusions of law as prescribed by Rule 27.26(i). The trial court judgment referred to denial of the first motion and then denied the second motion on the specific ground it failed to comply with Rule 27.-26(d) prohibiting "successive motions." This was tantamount to a finding of fact that petitioner had filed a prior motion and a conclusion of law that Rule 27.26(d) mandates the denial of the second motion. It was so held in *Smith v. State*, 513 S.W.2d 407[7] (Mo.1974).

Petitioner's second point is that the trial court erred in failing on its own motion to appoint counsel for him on the second motion. Subsection (h) of Rule 27.26 does not require appointment of counsel on a second motion when the record, as here,

---

1. The trial court denied petitioner's first motion because it was conclusory and contravened by the guilty plea record.

shows the grounds asserted were known or could have been known by petitioner when he filed a prior motion. *Duisen v. State,* 504 S.W.2d 3[1] (Mo.1974).

 In his third point relied on petitioner contends "The trial court erred in dismissing the movant's request for relief without a hearing wherein the movant alleges his attorney failed to investigate his case and interview witnesses prior to trial, thus rendering movant without effective assistance of counsel." Rule 84.04(d) requires that "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." Because his point relied on fails to state *why* the court erred in overruling his second motion, he has failed to "isolate and formulate the precise issues to be reviewed," as required, so that point has not been preserved for review. *State v. Morrow,* 541 S.W.2d 738[4, 5] (Mo.App. 1976). Aside from this formalistic deficiency, the point is without merit. As ruled in *Smith v. State,* 513 S.W.2d 407[2] (Mo.1974): "His allegations that his attorneys did not investigate all possible defenses is not sufficient to warrant relief because he does not allege what defenses were available and likely would have been discovered if further investigation had been made."

Since petitioner was not represented by counsel until this appeal was taken, on our own motion we have reviewed the record for plain error under Rule 84.13(c) and find no manifest injustice or miscarriage of justice.

SMITH and McMILLIAN, JJ., concur.