Jerry DAVIS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 40140.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 31, 1978.

Huck & Kasten, Inc., Thomas C. Mummert, III, St. Louis, for movant-appellant.

John D. Ashcroft, Paul Robert Otto, Gregory W. Schroeder, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas C. Muldoon, St. Louis, for respondent.

CRIST, Judge.

Jerry Davis pleaded guilty to a charge of Illegal Possession of a Controlled Substance, Schedule I, Heroin. He was sentenced to six years imprisonment. He filed a Rule 27.26 Motion to withdraw his guilty plea to vacate and set aside the sentence.

Defendant contends that he was denied effective assistance of counsel in that his counsel created a conflict of interest by representing him and a co-defendant without his knowledgeable consent; and, that his plea of guilty was not voluntary because induced by mistake, misapprehension, undue persuasion, misinformation and was made without a full understanding of the nature of the charge against defendant. We disagree.

In September 1976, the defendant and his wife Marsha Davis were arrested for Possession of a Controlled Substance, Schedule I, Heroin. The arrest took place at their residence. On the day of the arrest several police officers, after knocking on the door, broke into their home and confiscated a capsule later determined to contain .1 gram of heroin.

On May 25, 1977, defendant and his attorney appeared before the Circuit Court of the City of St. Louis in order to change his prior plea of not guilty to one of guilty. At this hearing defendant stated that the heroin was on the floor in a room occupied by him and his wife, and that he knew that the heroin was on the floor. His attorney stated that the case could present a joint-possession case whereby the state would have some difficulty proving knowledge or intent, but that the police report contained a confession of the defendant. The defendant had two prior felony convictions and his attorney believed that the likelihood of his conviction was ninety-nine percent. Further, his attorney stated that it would be in defendant's best interest to plead guilty to the charge as he did have knowledge of the heroin and it was his.

The court carefully explained to defendant the consequences of pleading guilty. The defendant indicated that he made his decision to plead guilty independently, without threat, pressure or force. The court told defendant the elements of the crime for which he was accused. The defendant said that he understood the elements which the state would have to prove under a plea of not guilty. Nonetheless, he indicated his desire to plead guilty.

On January 27, 1978, an evidentiary hearing was held by reason of defendant's Rule 27.26 Motion. At the hearing defendant again testified that he and his wife were arrested for possession of heroin at their joint residence. Marsha Davis testified that no drugs were found on defendant. Defendant testified that his attorney of choice represented both him and his wife. He stated that the attorney never mentioned a possible conflict of interest regarding his representation of a defendant and co-defendant, nor did he discuss the state's burden of proof when co-defendants are involved.

The court found that the defendant's attorney adequately, effectively and competently represented him, and that his plea of guilty was voluntarily made with a full understanding of the consequences of his plea. The court also determined that there was no conflict of interest in the same attorney representing the wife of defendant under a charge arising out of the same transaction. Defendant's Rule 27.26 Motion was overruled.

Defendant's first point is that he was denied effective assistance of counsel in that defendant's attorney created a conflict of interest by representing defendant and a co-defendant in a charge of Possession of a Controlled Substance, Schedule I, Heroin, without the knowledgeable consent of defendant. The co-defendant was the wife of defendant. The defendant and his wife jointly hired their attorney. There was no evidence showing a detriment to the defendant or an advantage to his wife by reason of the dual representation. For the reason that they both hired the same attorney and paid him jointly, the defendant was informed of and consented to the dual representation. *Ciarelli v. State*, 441 S.W.2d 695 (Mo.1969). Further, where a guilty plea has been entered, the determination of adequacy of counsel is immaterial except to the extent that it bears on the issue of its voluntariness and understanding. *White v. State*, 530 S.W.2d 444 (Mo.App.1975). Accordingly, we rule this point against the defendant.

Defendant's other point relied on is that: "The trial court's finding that appellant's plea of guilty was voluntarily [made] was clearly erroneous in that the plea was induced by mistake, misapprehension, undue persuasion, misinformation and made without the full understanding of the nature of the charge against appellant."

Rule 84.04(d) provides in part: "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and

why they are claimed to be erroneous . . . ."

■ This rule is not satisfied by merely stating what the alleged error is claimed to be. The point must also state "wherein and why" the action or ruling of the trial court is claimed to be erroneous.

The appellate court has no duty to search out the argument portion of a brief to determine "wherein and why" the action or ruling of the trial court is erroneous. Nothing is preserved for review. *State v. McClain*, 541 S.W.2d 351 (Mo.App.1976) and *Adkins v. State*, 560 S.W.2d 67 (Mo.App. 1977).

■ In any event, defendant's allegation that he was coerced, misled or was unaware of the elements of the charge does not have merit. *Taylor v. State*, 539 S.W.2d 589 (Mo.App.1976); *State v. Wiley*, 522 S.W.2d 281 (Mo.banc 1975); *Hulstine v. State*, 533 S.W.2d 228 (Mo.App.1975) and *State v. Zimpher*, 552 S.W.2d 345 (Mo.App. 1977). We have reviewed the record for plain error under Rule 84.13(c), and hold that defendant has suffered no manifest injustice or miscarriage of justice.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.