Steven Dale DAVIS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11043.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 6, 1979.

Robert H. Handley, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Marjorie Wholey Haines, Steven D. Steinhilber, Asst. Attys. Gen., Jefferson City, for respondent.

TITUS, Presiding Judge.

As was the first such motion filed August 1, 1977, movant's second Rule 27.26, V.A.M.R., motion filed April 15, 1978, was overruled by the Circuit Court of Greene County without an evidentiary hearing and without appointment of counsel. In both instances, the court filed written "Court's Findings of Facts and Conclusions of Law and Judgment." Movant did not appeal from the denial of his first motion as he has done relative to denial of his second motion.

The following are pertinent parts of the two motions. Roman numeral [I] indicates answers given in the first or August 1, 1977, motion; Roman numeral [II] indicates answers given in the second or April 15, 1978, motion.

"3. The case number and the offenses for which sentence was imposed:

[I] 2nd Degree Murder  
    Grand Stealing

[II] Grand Stealing  
    2nd Degree Murder

4. The date upon which sentence was imposed and the terms of the sentence:

[I] June 13, 1977, 15 years  
    June 14, 1977, 2 years

[II] June 13, 1977—2 years, 15 years

5. Check whether a finding of guilty was made:

[I] (a) After a plea of guilty—on the murder
(b) After a plea of not guilty—on the grand stealing
[II] (a) After a plea of guilty X—2nd degree murder
(b) After a plea of not guilty X—grand stealing

6. Did you appeal from the judgment of conviction?

[I] No                                            [II] No

\*   \*   \*

8. State concisely all the grounds known to you for vacating, setting aside or correcting your conviction and sentence:

[I] (a) Inadaquit Council (sic).
[II] (a) Public Defender did not interview vital and essential witnesses for the defense—Leroy Brown and Henry Lee. Public Defender did not interview state witnesses to prepare the defense. Public Defendant (sic) talked to movant only twice for total of 30 minutes. This was ineffective counsel.

9. State concisely and in the same order the facts which support each of the grounds set out in (8), and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove such facts:

[I] (a) Movant feels that he was forced into intering (sic) a plea of guilty for the reason that the state appointed council (sic) told him that if he did not accept the deal from the prosecuting attorney (15 yrs) that he would proably (sic) get a (Life Sentence) if he went to a Jury Trial which he, like every other citizen of the United States is intitled (sic).
[II] (a) Movant, Leroy Brown, Henry Lee.

\*   \*   \*

12. Has any ground set forth in (8) been previously presented to this or any other Court, state or federal, in any petition, motion or application which you have filed?

[I] No                                            [II] No

\*   \*   \*

14. If you have filed prior proceedings in any state or federal court involving this same sentence but did not raise therein one or more of the grounds you now list in (8), state which were not raised in the earlier proceedings and why they were not raised in those proceedings:

[I] (a) Inadaquit (sic) Counsel, becasuse (sic) it did not pertain to my councel (sic). The incident, violated my Civil Rights.[1]
[II] (a) These (sic) issue of ineffective counsel was not raised. A 'jailhouse lawyer' prepared the prior 27.26 motion and movant was not familiar with law and did not know about the ineffective counsel issue at time of the prior 27.26 motion.

15. Were you represented by an attorney at any time during the course of:

(a) your preliminary hearing? [I] yes [II] yes
(b) your arraignment and plea? [I] yes [II] yes
(c) your trial, if any? [I] No trial [II] yes
(d) your sentencing? [I] yes [II] yes
(e) your appeal, if any, from the judgment of conviction or the imposition of sentence?
[I] No appeal, at this time.                      [II] No.
(f) preparation, presentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed?
[I] No                                        [II] No".

---

**1.** This apparently refers to a "Federal Habeas Corpus" proceeding mentioned in an earlier answer to a question (11) not reproduced herein.

From reading the two Rule 27.26 motions, supra, it is unclear as to whether movant's concern was with the murder case, the stealing case or both. However, movant's brief in this appeal makes it clear that his two Rule 27.26 motions pertain only to the second degree murder charge to which he pleaded guilty.

Upon this appeal, movant's two points relied on read as follows:

"I. The lower court erred in not appointing an attorney to represent defendant/appellant when he filed *his original 27.26 motion.* A. Defendant/appellant filed *his original 27.26 motion* alleging that his guilty plea had not been voluntarily entered, which, though inartfully pleaded, presented an issue of fact. B. Under Rule 27.26(h) lower courts are required to appoint counsel for an indigent defendant if his motion presents an issue of fact. (Our emphasis).

II. The lower court erred when it held that the grounds stated by defendant/appellant, if new, could have been raised in the prior motion." ·

■■■ As to point I: It is certain that movant is complaining of alleged trial court error in failing to appoint counsel for him on his *original or first* Rule 27.26 motion. No appeal was taken from the denial of that motion. An appeal from denial of a separate and second Rule 27.26 motion is not the proper vehicle to employ in complaining of averred trial court error in another action which has terminated and become unviable for lack of an appeal. *Hamilton v. State,* 548 S.W.2d 267, 268[2] (Mo.App.1977). Moreover, no issue was presented and no claim was made in the second Rule 27.26 motion regarding the failure of the court nisi to appoint counsel to represent movant in his first motion. A ground for relief not contained in the Rule 27.26 motion may not be raised for the first time on appeal. Movant's first point relied on is denied.

■■■ As to point II: In part, Rule 84.-04(d) requires that "[t]he points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." Simply stating, as done in point II, what the alleged error is said to be without also pointing out "wherein and why" the action or ruling of the court is said to be erroneous does not satisfy the mandatory requirements of the rule nor preserve anything for appellate review. "Wherein and why" the court may have erred in its holding may be ascertained only by resorting to the argument portion of the brief which is something we are not required to do. *Davis v. State,* 573 S.W.2d 736, 738[3] (Mo.App.1978). Nevertheless, as can be seen by the answers in paragraph 8 of both motions, supra, movant summarily charged "Inadequit Council" (sic) in his first motion and "ineffective counsel" in the second. Any undertaking to differentiate between inadequate counsel and ineffective counsel would be tantamount to distinguishing Tweedledum from Tweedledee, a task beyond our judicial abilities.

Judgment affirmed.

· All concur, except PREWITT, J., not participating because not a member of the court when cause was submitted.