**Roger J. ZINN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11280.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 21, 1979.

Motion for Rehearing and for Transfer Denied Oct. 3, 1979.

Application to Transfer Denied Nov. 14, 1979.

Robert W. Richart, Edward J. Hershewe, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Roger J. Zinn filed a postconviction motion to vacate judgment and sentence under Rule 27.26, V.A.M.R., seeking relief from a court imposed sentence of 10 years following his jury conviction for burglary. The trial court conducted an evidentiary hearing and overruled the motion. We affirm.

Appellant's points in this appeal are as follows: that he was unlawfully sentenced under the Second Offender Act [§ 556.280, RSMo 1969]; the failure of the trial court to make findings of fact and conclusions of law on appellant's contention that certain evidence was erroneously admitted at his trial; and his averment of newly discovered evidence.

■ Appellant's burglary conviction was affirmed by this court in *State v. Zinn,* 562 S.W.2d 784 (Mo.App.1978). His contention regarding his sentencing as a habitual criminal was squarely ruled against him. There, as here, he contended his prior conviction was tainted by ineffective assistance of counsel. Having been determined in his direct appeal, appellant cannot now have a second review of the matter in this postconviction proceeding. *Sweazea v. State,* 515 S.W.2d 499 (Mo. banc 1974).

■ In his direct appeal the appellant complained that impeachment evidence was improperly admitted. In *Zinn,* supra, 562 S.W.2d at 789[12], we declined review of this point because of appellant's violation of Rule 84.04(c), V.A.M.R. The fact that we held the point was not preserved for appellate review does not alter the present situation. Any such error would fall in the category of trial error and is not reviewable in this proceeding. *Cook v. State,* 511 S.W.2d 819 (Mo.1974).

■ Newly discovered evidence is not cognizable in a motion to vacate sentence and appellant's remaining point is denied. *Hatfield v. State,* 529 S.W.2d 180 (Mo.App. 1975).

The judgment is affirmed.

All concur.