Gregory Tim WHITES,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10927.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 25, 1979.

Joseph Howlett, Shaw, Howlett & Schwartz, Clayton, for movant/appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant Gregory Tim Whites was jury tried and convicted on November 12, 1976, in the Circuit Court of Maries County, of the crime of second degree burglary and, by reason thereof, was sentenced to serve 6 years in the custody of the Missouri Department of Corrections. On appeal, the judgment and sentence of the trial court were affirmed. *State v. Whites,* 554 S.W.2d 518 (Mo.App.1977). Movant then filed a motion to vacate judgment and sentence, pursuant to Rule 27.26 [1], alleging 1) that he was denied a fair trial due to inadequacy of counsel [2], and 2) that, after trial, movant learned that another person, Martin Lee Wells, had committed the crime that Whites had been convicted of and that, by reason of such newly discovered evidence, a new trial was mandated. After an evidentiary hearing, the trial court denied the motion to vacate. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Point I relied on, which attempts to preserve this assignment of error for review, fails to state what action of the trial court is sought to be reviewed and why such trial court action was erroneous. It preserves nothing for review. We have no duty to seine the argument portion of mov-

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Point I relied on alleged: "Appellant was denied the effective assistance of counsel as required by the Constitution of the United States, Amendment VI, for the reason that the defense counsel failed to conduct a prompt investigation of the circumstances and explore all the avenues leading to facts relevant to guilt and the degree of guilt and innocense of the defendant to the end that an explanation of how the finger print appeared on the bottle used in evidence against Appellant, or in the alternative, determine whether or not such explanation and fact could be proven."

ant's brief or the transcript on appeal to attempt to ascertain the whereins and whys of claimed errors presented in the points relief on as mere conclusions. *Boyer v. State*, 527 S.W.2d 432, 437 (Mo.App.1975).

 Plain error review under Rule 84.-13(c) is not warranted, as a reading of the transcript does not justify a finding that manifest injustice or miscarriage of justice resulted to movant by reason of ineffective assistance of counsel at the trial court level. The finding of the trial court, that movant had effective assistance of counsel, had ample support in the record.

### NEWLY DISCOVERED EVIDENCE

Movant argues that the trial court erred in not vacating his sentence and granting him a new trial for the reason that, since trial, he had discovered evidence that Martin Lee Wells had confessed to the burglary for which movant was charged and convicted. The claim of newly discovered evidence of another person's guilt of the crime for which movant was convicted is generally not reviewable in a Rule 27.26 proceeding. *Turnbough v. State*, 574 S.W.2d 400, 404 (Mo. banc 1978); *Beishir v. State*, 480 S.W.2d 883, 885 (Mo.1972); *Drake v. State*, 582 S.W.2d 711, 714 (Mo. App.1979).

Further, the trial court, in its detailed findings, found that Wells did not break into the Knights of Columbus Hall on the crucial date in question. At a Rule 27.26 hearing, the weight of the evidence and the credibility of the witnesses are matters for the trial court. *Shoemake v. State*, 462 S.W.2d 772, 775 (Mo. banc 1971). The credibility of the testimony of Whites and of Wells were questions of fact for the trial court and are not to be considered here on review. *Vandiver v. State*, 552 S.W.2d 374, 376 (Mo.App.1977).

It seems that movant's contentions on this point are nothing more than an attempt to relitigate his guilt or innocence and raised no fundamental error on the part of the trial court. Claims of this nature are not contemplated by Rule 27.26.

Even if they were, the trial court's finding that Wells did not commit the burglary in question was supported by the evidence and was not clearly erroneous.

The judgment is affirmed.

All concur.