Daniel Charles BATES,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10959.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 1979.

Charles F. Johnson, Buffalo, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

Movant Daniel Charles Bates appeals from a denial after evidentiary hearing of his motion to set aside a judgment and sentence for statutory rape and to withdraw his guilty plea. The judgment was entered in 1975 and the punishment im-

posed was 15 years' imprisonment. Following the motion hearing, held in 1977, the court made findings of fact and conclusions of law, Rule 27.26(i),[1] and denied the motion.

Movant's "point relied on" is that the trial court erred in finding that the plea of guilty was voluntary. That finding, argues movant, was improper for two independent reasons: (a) Ineffective assistance of counsel was rendered by John Hosmer, the attorney who represented movant at the plea hearing; (b) The plea was entered by movant "out of fear" and without his understanding of its consequences.

█ The motion is a "combined motion under Rules 27.25 and 27.26." *Vaughan v. State*, 579 S.W.2d 721, 722 (Mo.App.1979); *Bonner v. State*, 535 S.W.2d 297, 298 (Mo.App.1976). An application made pursuant to Rule 27.25 after imposition of sentence is an attack upon the validity of the sentence within the meaning of Rule 27.26 and the procedure to be followed is that set out in Rule 27.26. *Bradley v. State*, 564 S.W.2d 940, 942[2] (Mo.App.1978).

█ The burden of proof was upon movant to establish his grounds for relief by a preponderance of the evidence. Rule 27.26(f). The weight of the evidence and credibility of the witnesses are matters for the trial court, *Shoemake v. State*, 462 S.W.2d 772, 775[2] (Mo. banc 1971), and the trial court may reject testimony offered on behalf of the movant even if there was no contrary evidence. *Bibee v. State*, 542 S.W.2d 540, 542[4] (Mo.App.1976). Appellate review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j).

█ At the motion hearing movant testified that while he was a prisoner in the Polk County jail, prior to the entry of the guilty plea, he was "gassed with mace" by Deputy Sheriff Miller; that there was a delay in his obtaining medical help for running sores which broke out over his face; that the deputy sheriff told movant that if he did not plead guilty movant "would get the hell beat out of me." On cross-examination movant admitted that no one, including the deputy sheriff, ever struck him and that on the occasion when movant was "maced," there was a disturbance in the jail.

One of movant's witnesses, a fellow prisoner, testified that during movant's incarceration movant was not threatened nor was movant the object of physical violence. Sheriff Glen Carson and Deputy Sheriff Miller, both called as witnesses for movant, denied threatening movant or coercing his plea. Miller admitted macing movant but said he did so because movant was causing the disturbance.

Movant testified: "My complaint about inadequate representation is that we did not have time to discuss it before I went in front of the judge." Movant also testified that attorney Hosmer "did not spend any time with me" and that Hosmer "spent approximately 15 minutes with me at the jail."

Before accepting movant's plea of guilty the court meticulously complied with the procedure outlined in *Flood v. State*, 476 S.W.2d 529, 535 (Mo.1972).

The transcript of the guilty plea hearing refuted most of the testimony adduced by movant at the motion hearing. At the plea hearing attorney Hosmer several times stated on the record that he had advised movant not to plead guilty.

At the plea hearing movant informed the court that no one had threatened or intimidated him in any manner to cause him to enter a plea of guilty; that he had not been mistreated in any manner by any law enforcement officer; that he had discussed the matter on four occasions with attorney Hosmer and did not want additional time for further discussion; that he had told Hosmer all of the facts and that he was satisfied with Hosmer's representation and advice.

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

The trial court, in denying the motion, found and concluded that although movant had refused to take attorney Hosmer's advice, the plea of guilty was a voluntary one, made understandingly and knowingly and with sufficient legal counsel. The trial court further found that the plea was not procured "through coercion, duress, intimidation, or harassment" and was "not the product of physical abuse or threats."

In *Cain v. State,* 575 S.W.2d 893 (Mo.App. 1978), a Rule 27.26 proceeding, movant claimed that his plea of guilty was coerced by reason of the conditions of his imprisonment. The court of appeals, in affirming the judgment of the trial court denying the motion, pointed out at p. 896 that it was incumbent upon the movant to show, by a preponderance of the evidence, "that the condition of imprisonment of which he complains rose to the level of cruel and unusual punishment. If that requirement is satisfied, he is then met with the problem of sustaining the heavy burden of proof to establish that the coercive nature of the prison conditions was directly related to the root decision to plead guilty." To similar effect see *Peck v. State,* 467 S.W.2d 884 (Mo.1971), (a case where the plea of guilty was entered against the advice of counsel.)

The findings, conclusions and judgment of the trial court are not clearly erroneous. *Babcock v. State,* 485 S.W.2d 85 (Mo.1972); *Noble v. State,* 552 S.W.2d 267 (Mo.App. 1977). Indeed they are fully supported by the record.

The judgment is affirmed.

All concur, except PREWITT, J., not participating because not a member of the court when case was submitted.