**Ronnie W. LANE, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11703.**

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 14, 1981.

*Good*, 384 S.W.2d 98, 100 (Mo.App.1965); *I. v. B.*, 305 S.W.2d 713, 719[6] (Mo.App.1957);

*Ackermann v. Ackermann*, 280 S.W.2d 425, 427[4] (Mo.App.1955).

Kenneth G. Gibbar, Benton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Nancy D. Kelley, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

In 1974 movant, then defendant, was jury-convicted of armed robbery in the first

degree. §§ 560.120 and 560.135 RSMo 1969. Having determined, as charged, that movant was subject to the habitual criminal statute, § 556.280 RSMo 1969, the court sentenced him to a 12 year term of imprisonment. The circuit court appointed counsel for movant relative to his subsequently filed motion under Rule 27.26, V.A.M.R. This appeal follows denial, without evidentiary hearing, of movant's pro se unamended motion. Paragraphs 8 and 9 of the motion are fully repeated in part I of the Addendum to this opinion.

Movant's single point relied on, written in utter disregard of the mandatory requirements of Rules 30.06(d) and 84.04(d), V.A.M.R., reads: "The trial court erred in dismissing the movant's Supreme Court Rule 27.26 motion without a hearing and in failing to make findings of fact and conclusions of law." Albeit the legal file in this matter contains the trial court's findings of fact and conclusions of law, it is patent that the point relied on, as written, does not undertake to advise "wherein and why" the court did not make such findings and conclusions; neither does the point state "wherein and why" the court erred in dismissing the motion without a hearing. *Gaye v. State*, 576 S.W.2d 554, 555[1] (Mo. App.1978). Because the point fails to relate "wherein and why" the court erred in dismissing the motion without an evidentiary hearing and in not making findings of fact and conclusions of law, it neglects to formulate and isolate the precise issues to be reviewed and thus preserves nothing for appellate review. *Adkins v. State*, 560 S.W.2d 67, 69[3] (Mo.App.1977). This court bears no duty to seek through the legal file or other portions of an appellant's brief to acquire an understanding of the intendment of a point presented in an abstract and conclusory manner. *Riley v. State*, 545 S.W.2d 711, 712[4] (Mo.App.1976). Nevertheless, and in excess of the obligations on the part of this court, we will, ex gratia, con the legal file and the argument portion of movant's brief and summarily consider the issues contained therein on their merits.

As will be seen from a reading of part I of the Addendum hereto, subparagraphs (a), (b) and (e) of paragraphs 8 and 9 of the Rule 27.26 motion herein complain of trial court errors (a) in receiving evidence, (b) in not limiting cross-examination of a defense witness and (e) in admitting identification photographs. These are simply allegations of court errors during the course of the criminal trial which are not reviewable in a collateral proceeding under Rule 27.26. *Achter v. State*, 545 S.W.2d 86, 88[5] (Mo.App.1976). Subparagraphs (c) of paragraphs 8 and 9 of the motion are simply a challenge to the sufficiency of the evidence to support the guilty verdict and are not within the scope of a Rule 27.26 proceeding. *Johnson v. State*, 561 S.W.2d 704, 706[3] (Mo.App.1978); *Barker v. State*, 505 S.W.2d 448, 449[2] (Mo.App.1974). Movant's claim in subparagraphs (d) of paragraphs 8 and 9 of the motion that he did not have a fair criminal trial is likewise not cognizable in a Rule 27.26 proceeding. *Williams v. State*, 530 S.W.2d 740, 742[8] (Mo.App.1975). Finally, subparagraphs (f) of paragraphs 8 and 9 refer to newly discovered evidence which is not a proper subject in a motion to vacate a sentence. *Zinn v. State*, 588 S.W.2d 177, 178[3] (Mo.App.1979).

In the argument portion of movant's brief, he asserts that he had ineffective assistance of counsel in the criminal appeal. No such claim was asserted in his Rule 27.26 motion and may not be raised for the first time on appeal. *Davis v. State*, 586 S.W.2d 822, 824[2] (Mo.App.1979); *Johnson v. State*, 561 S.W.2d 704, 706[5] (Mo.App.1978).

Part II of the Addendum to this opinion is the order made by the trial court in denying movant's Rule 27.26 motion without an evidentiary hearing. (We omit repeating "Exhibit A" incorporated in the order as it is a copy of paragraphs 8 and 9 of the motion as previously reproduced in part I of the Addendum). In our opinion the order contains findings of fact and conclusions of law on all issues presented in the motion in keeping with the requirements of Rule 27.26(i). After reciting its findings of fact the court proceeded as we have done,

supra, to legally conclude that the allegations made in the motion were not the proper subject for consideration in a Rule 27.26 proceeding and do not demonstrate that movant's constitutional rights had been violated. The order in this case is not a "mere recital or statement that the motion, files and records conclusively show that movant is entitled to no relief." *Fields v. State*, 572 S.W.2d 477, 483[3] (Mo. banc 1978). It is not necessary for the findings and conclusions of the court nisi to be supplied by implication, for it has made the specific findings and conclusions contemplated and required by the rule. Id. See also *McCoy v. State*, 610 S.W.2d 708 (Mo. App.1981).

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.

## ADDENDUM
### Part I
### "GROUNDS

" # 8. (A.) The trial court erred, by admitting into evidence, the eyewitness identification of state's witness, Billy Yeager.

(B.) The trial court erred, by not limiting the prosecutor's attempted impeachment, of defense witness, Sharon Moore.

(C.) The evidence was not sufficient as a matter of law, to support the verdict of guilty.

(D.) Movant did not have a fair and impartial jury, as guaranteed by law.

(E.) The trial court erred, by admitting into evidence, the photo—identification, of state's witness, Carolyn Jackson.

(F.) Evidence of mistake, by state's witness, Carolyn Jackson, in identification of the movant, as the person, who robbed her.

### "FACTS OF SUPPORT

" # 9. (A.) Witness Yeager, testified that he recognized the movant, only by what he thought was the movant's voice, and by the build of the person, in his store.

Yeager's testimony was not material, to the alleged crime. It was based on speculation, and conjection. He stated several times, 'Not Ronnie Lane, this Gentleman.'

(B.) Defense witness, Sharon Moore, was asked several times by the prosecutor, if she planned to marry, not only Ronnie Lane, but if at all. These questions did not relate to the facts. The prosecutor, was trying to show she, slept with men, without thinking of marriage. He was trying to impeach the witness, by showing immoral conduct.

(C.) Movant state's that there was no physical evidence, to show that he was involved in the alleged crime. There was no weapon; or cash register totals, introduced into evidence, to even show there was money, missing. The only evidence was testimony, of Carolyn Jackson. Her testimony was mistaken; or biased and unworthy of belief. Ms. Jackson, told the police, 'although the person who robbed her, was familiar to her, she did not know his name.' And still, she admitted telling a friend, she had been out to get Ronnie Lane, for over two years.

Ms. Jackson testified that the person, who robbed her wore sideburns and a mustache. Eight defense witnesses, testified that Ronnie Lane, was clean shaven, on January 15, 1974. The evidence viewed in the light, most favorable to the state, established reasonable doubt as a matter, of law.

(D.) Movant state's that his jury, consisted of all caucasian males. This was in violation of his Constitutional right to peer's, of a cross-section of the community. A member of movant's jury, a Mr. Presson, came to the county jail, the following day, and told the movant, he did not think he was guilty, of the charge.

Mr. Presson, stated that another member, did not change his, vote for guilty, the other juror's changed it for him.

(E.) State's witness, Jack Ivie, took 6 or 8, photos to Friendly Market, two or three days after the alleged crime, Ms. Jackson, picked movant, as the man who robbed her.

This was highly prejudicial to the movant, Ms. Jackson, had the opportunity to put Ronnie Lane in jail, the person, she had wanted in jail, for over two years. (F.) Ms. Jackson, told Phillip Carlyle, and Tommy Hamblin, she did not think it was Ronnie Lane, who robbed her, the more she, thought about it."

## Part II
### "ORDER

"The movant filed his motion to set aside the judgment and sentence in connection with a conviction, said motion being filed under Supreme Court Rule 27.26. The prosecuting attorney filed a motion to dismiss the movant's motion.

The pending motions taken up by the Court and the Court finds and orders as follows:

1. The movant was tried to a jury on March 27, 1974. He was tried under the habitual criminal or second offender act. The jury found him guilty of armed robbery.

2. On April 24, 1974, defendant filed motion for new trial.

3. On May 8, 1974, the Court overruled the motion for a new trial and sentenced the movant to twelve years in the Department of corrections.

4. Movant filed his notice of appeal and on April 10, 1974, the Missouri Court of Appeals, Southern District dismissed his appeal.

5. The grounds for the motion filed by movant herein attached hereto and made a part hereto and marked 'Exhibit A'.

6. All of the grounds set out by movant in his motion go to objections of the trial, the evidence, the rulings of the Court, etc. None of the allegations come within the provisions of a motion under Supreme Court Rule 27.27. All are allegations that should have been raised in connection with an appeal. They are not subject to a motion under Rule 27.26.

7. The constitutional rights of the movant were not violated. There are no allegations that specify facts or situations indicating that his constitutional rights were violated.

8. The record clearly reflects that none of the allegations in the motion require the presence of the movant in order for the Court to rule on his motion. The record speaks very clearly.

9. The movant did not allege sufficient facts to warrant the sustaining of his motion to set aside the sentence and judgment or to correct the same, and the record clearly shows that no grounds were alleged or existed which would justify the granting of the motion.

10. The movant did not state facts sufficient to indicate the violation of any constitutional rights were violated.

11. This Court has jurisdiction of these proceedings.

12. The motion of the State to dismiss the motion of the movant must be sustained.

WHEREFORE, IT IS HEREBY ORDERED that the motion of the State to dismiss the movant's motion for relief under Supreme Court Rule 27.26 is sustained. The motion of the movant to set aside the sentence and judgment or to correct the same is dismissed.

Dated this 31st day of January, 1980.

/s/  Marshall Craig
Special Judge"