Rickey Lee BEACH, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11853.

Missouri Court of Appeals,
Southern District,
Division One.

April 1, 1981.

Stephen L. Shepard, Shepard & Bratvold, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Thomas G. Auffenberg, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Movant, then defendant, appeared with counsel in the Circuit Court of Greene County on October 19, 1978, and pleaded guilty to a charge of first degree robbery (§ 569.020 RSMo 1978) committed May 24, 1978. After due proceedings, movant was sentenced to the custody of the Division of Corrections for a term of 13 years. Thereafter on August 9, 1979, movant filed a motion pursuant to Rule 27.26, V.A.M.R., to vacate, set aside or correct the robbery sentence. Counsel was appointed for movant, an amended Rule 27.26 motion was filed by

the attorney and an evidentiary hearing was conducted. Following this and the making, by the court, of findings of fact and conclusions of law on all issues presented, the motion was denied. This appeal ensued.

The three points relied on by movant in this appeal are that the trial court erred in denying the motion because "I. ... the statements of the Prosecuting Attorney concerning the Movant-Appellant's prior duplicitous convictions were a misstatement, which resulted in the Court's consideration of a constitutionally invalid conviction during sentencing, thereby tainting Movant's sentence. II. ... Defense Counsel failed to investigate or challenge the prior convictions of Movant and to prevent the same from being considered by the Court during the sentencing, thus denying Movant-Appellant's [sic] effective assistance of counsel and a fair trial. III. ... the plea of guilty was not freely and understandably made but as a result of coercion and threats and thus involuntary."

Any reader of the foregoing points relied on will be justifiably mystified by their proposed meaning. Sans resorting to the other portions of the brief, the legal file, the transcript on appeal and the exhibits, something that is not required of this court, [*Whites v. State*, 587 S.W.2d 651, 652–653[2] (Mo.App.1979)], it is impossible to fathom the purport of the points and to ascertain to what proceedings they refer or to decipher wherein and why the plea of guilty to some unspecified offense was involuntary. Points relied on, per Rules 30.06(d) and 84.-04(d), V.A.M.R., need to be penned and presented so as to be independently understandable. When the peruser is forced to seek among other writings in a cause to come by a determination of the intendments of the points relied on, then such points preserve nothing for appellate consideration on review. Nonetheless, to escape the unwarranted censure that Rules 30.06(d) and 84.04(d) are frequently court-employed to elude determination of appeals on whatever merits may be inherent in the case, we will treat the points relied on in light of our reading, consideration and understanding of all things which have come to us with this appeal.

All matters before us reveal that the first two points relied on, supra, concern the circumstances attending movant's plea of guilty accepted and entered October 19, 1978, to the charge of first degree robbery committed May 24, 1978. It is evident from the record made at the time of such plea that the mandates of present Rule 24.02, V.A.M.R., were meticulously followed, that the fact of plea bargaining was fully discussed and revealed to the court, that the plea agreement was accepted in toto and that the sentence imposed was an exact execution of the bargain. Movant does not question any of this. The plea bargaining specifically included a 13-year sentence and movant, then defendant, acknowledged his full awareness and understanding that such an agreed-to sentence would be imposed if his guilty plea were accepted by the court.

Relative to the Rule 27.26 motion and this appeal, it seemingly is the import of the first two points relied on that at the hearing conducted when movant pleaded guilty to first degree robbery, the prosecuting attorney misstated movant's prior criminal record and movant's then counsel was ineffective for not challenging the misstatement. Since movant received the precise sentence bargained for, the obvious observation anent the claims of misstatement and ineffectiveness is "So what?" As the bargain made and accepted was in no manner affected by any alleged misstatement or averred ignorance of counsel regarding same, it exceeds imagination to conceive how movant was prejudiced by the supposed malfeasance of which he now complains.

■ However, and paradoxical to what is fully admitted, movant, via his Rule 27.26 motion and upon this appeal, somehow undertakes to transmogrify the precise plea agreement for a 13-year sentence into some sort of an open-ended possibility which might have resulted in the imposition of a lesser sentence had not the charged errors been committed by the state and his counsel. It appears patent that everyone, in-

cluding movant, was anticipating and was freely bound to a minimum 13-year prison sentence should the plea be accepted on those terms. Unless and until this agreement was breached, which it was not, movant could not have been prejudiced by any of the claimed errors and omissions allegedly committed by his lawyer or by the state's counsel. Why or how the absence of such averred errors would have prompted the court to have imposed a sentence less than that recommended and agreed to has no factual foundation and exists on the record submitted only in the realm of surmise, speculation and conjecture. Such a triumvirate as uncertain as these does not discharge the burden of proof cast upon the movant. *Weems v. State*, 590 S.W.2d 693, 694–695[3] (Mo.App.1979).

The exact basis for movant's claims under his first two points is the pronouncement that "[a] sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the true facts, regardless of the eventual outcome." *Wraggs v. State*, 549 S.W.2d 881, 884[3] (Mo. banc 1977). Movant employs this statement to buttress his contention that in 1973 he was convicted in Greene County of two impermissible duplicitous crimes, i. e., felony car tampering and grand stealing, which arose from the same incident, and that, therefore, the state's representation to the sentencing court in October 1978 that movant previously had been convicted twice resulted in a 13-year sentence predicated upon a materially false foundation. Whether car tampering and grand stealing when committed at the same time are, in fact, impermissible duplicitous crimes vel non, need not be decided for the basic urging by movant is factually and fatally fallacious as was specifically and accurately recognized by the court nisi. When the plea bargaining relative to the plea concerning first degree robbery was being considered by the court in 1978, the prosecuting attorney, upon being asked concerning the matter, advised that movant had "two prior convictions. One in 1973 for felony car tampering, and one in 1975 for grand stealing." The state's exhibits offered in this cause attest the car tampering charge arose in Greene County in 1973, whereas the 1975 grand stealing charge referred to at the time of the 1978 sentencing was an entirely different and unrelated crime committed in Stone County.

In support of his third and final point relied on, movant testified his answers to the inquiries propounded at the taking of his guilty plea were false and such falsehoods were enounced to avoid imposition of the "armload of time" threatened by the prosecutor, i. e., "the Prosecuting Attorney threatened him with 30 or 40 years in prison" if he did not plead guilty. How the prosecuting attorney singly could have imposed or brought about such supposedly threatened sentences was neither explored nor explained. Quite to the contrary and as attested by the transcript of the proceedings made at the taking of the guilty plea, movant admitted the accuracy of the detailed facts of the crime recited by the prosecutor, including his participation therein, and testified that no one had used any persuasion, threats or force to induce his plea. When considering the perfunctory recitations proffered at the evidentiary hearing on the Rule 27.26 motion in conjunction with movant's answers to the searching questions propounded on the occasion of his guilty plea, we cannot say the trial court's obvious and pronounced choice of the latter testimony was clearly erroneous. Rule 27.26(j); *Noble v. State*, 552 S.W.2d 267, 272[2] (Mo.App.1977). The weight of the evidence and the credibility of witnesses were matters for the trial court which had leave to reject movant's testimony even in the absence of contrary evidence. *Bates v. State*, 590 S.W.2d 109, 110[3] (Mo.App.1979).

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.