Cassie Lee **TATE,** Appellant,

v.

**STATE of Missouri,** **Respondent.**

No. 15787.

Missouri Court of Appeals,
Southern District,
Division One.

June 12, 1989.

Motion for Rehearing or Transfer to Supreme Court Denied July 3, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Barbara J. Martin, Asst. Public Defender, Jackson, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Cassie Lee Tate ("movant") appeals from an order denying his motion under Rule 27.26, Missouri Rules of Criminal Procedure (18th ed. 1987),[1] to vacate his conviction of murder in the second degree, § 565.021.1(1), RSMo 1986, and sentence of life imprisonment. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Tate*, 733 S.W.2d 45 (Mo. App.1987).

In the instant proceeding[2] the circuit court, henceforth referred to as "the motion court," denied relief without an evidentiary hearing. The motion court, with commendable diligence, made comprehensive findings on a multitude of issues, most of which were presented by vague, argumentative and conclusional allegations in movant's various pleadings.[3] On some issues the motion court found that movant's allegations were refuted by the trial transcript.

Movant's brief in the instant appeal contains one point, which reads:

"The trial court erred in dismissing [movant's] motion under Rules 27.26 and 29.15 without an evidentiary hearing as the motion, files and records do not conclusively show that [movant] should be denied relief on his contention that he was denied effective assistance of counsel, or that [movant's] constitutional right to a fair trial was violated when the trial court abused its discretion by granting the State's peremptory challenge against venireperson Robert Harrell, a black man, and by allowing various exhibits into evidence."

The point, as we comprehend it, attempts to assert three grounds in support of movant's contention that the motion court erred in denying relief without an evidentiary hearing. The first ground is that the motion, files and records do not conclusively show that movant is entitled to no relief on his complaint that he was denied effective assistance of counsel at the jury trial.

■ A proceeding under Rule 27.26 is in the nature of a civil action, and the procedure in the motion court and on appeal is governed by the rules of civil procedure insofar as they are applicable. Rule 27.-26(a) and (j), Missouri Rules of Criminal Procedure (18th ed. 1987); *State v. Edmondson*, 438 S.W.2d 237, 241–42[1] (Mo.1969).

■ Rule 84.04, Missouri Rules of Civil Procedure (20th ed. 1989), sets forth certain requirements for an appellant's brief. Paragraph (d) of the Rule provides:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...."

Points relied on which are written contrary to mandatory requirements of Rule 84.04(d) which cannot be comprehended without resorting to other portions of the brief preserve nothing for appellate review. *Willis v. State*, 630 S.W.2d 229, 232[1] (Mo. App.1982); *Lane v. State*, 611 S.W.2d 44, 46[1] (Mo.App.1981); *Adkins v. State*, 560 S.W.2d 67, 69[3] (Mo.App.1977).

■ To be entitled to an evidentiary hearing on the issue of ineffective assistance of counsel, a prisoner seeking post-conviction relief must plead facts, not conclusions, which if true would warrant relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice to the pris-

---

1. Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988) p. 142. Movant's action continues to be governed by former Rule 27.26, as movant's sentence was pronounced prior to January 1, 1988, and his motion to vacate such sentence was pending prior to January 1, 1988. Rule 29.-15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

2. Movant commenced the instant proceeding by filing a pro se motion in the circuit court Octo-

ber 13, 1987. Movant's appointed counsel thereafter filed an amended motion incorporating all allegations of the pro se motion and adding numerous allegations. Movant subsequently filed a pro se "Addendum" to the amended motion, containing still more allegations, and movant ultimately filed a "Second Amended Motion" containing a myriad of allegations.

3. Footnote 2, *supra*.

oner. *Boggs v. State,* 742 S.W.2d 591, 594[1] (Mo.App.1987); *Mannon v. State,* 727 S.W.2d 936, 938[1] (Mo.App.1987); *Baker v. State,* 680 S.W.2d 278, 281[3] (Mo. App.1984).

■ The segment of movant's point relied on concerning ineffective assistance of counsel does not state wherein and why the motion, files and records do not conclusively show he is ineligible for relief on his contention that he was denied effective assistance of counsel. The point supplies no clue as to what actions or omissions of counsel were allegedly substandard, which findings of the motion court on the subject of ineffectiveness were erroneous, or which allegations of ineffectiveness were unrefuted by the files and records.

In *Jones v. State,* 625 S.W.2d 702 (Mo. App.1981), the sole point relied on read: "The trial court erred in denying movant's 27.26 motion without an evidentiary hearing because movant raised issues of fact which contradict the record and which if true, would entitle him to relief." This Court, emphasizing that the point did not specify wherein and why the trial court erred, held that the point preserved nothing for appellate review. *Id.* at 703[2].

We hold that the segment of movant's point relied on in the instant case purporting to assign error on the ground that the motion, files and records do not conclusively show that movant should be denied relief on his contention that he was denied effective assistance of counsel presents nothing for appellate review. We have nonetheless searched the argument portion of movant's brief, a task we are not obliged to undertake, *Whites v. State,* 587 S.W.2d 651, 652–53[2] (Mo.App.1979); *Davis v. State,* 586 S.W.2d 822, 824[4] (Mo.App.1979), in an effort to ascertain wherein and why the files and records do not—according to movant—conclusively demonstrate he deserves no relief on his contention that he was denied effective assistance of counsel at trial. The argument mentions sundry allegations of ineffective assistance, but fails to explain wherein and why a single one is unrefuted by the files and records. The argument says only: "[Movant] has pleaded facts which have not been conclusively refuted by the record and which, if true, would entitle him to relief." We can only wonder wherein and why the record fails to refute such "facts."

We hold that movant's assertion that the motion court erred in denying relief without an evidentiary hearing in that the motion, files and records do not conclusively show movant should be denied relief on his contention that he was denied effective assistance of counsel presents nothing for appellate review.

■ The second ground in movant's point relied on, as we fathom it, is that the motion court wrongly denied relief without an evidentiary hearing in that the motion, files and records do not conclusively show that movant's constitutional right to a fair trial was not violated when the trial court granted the State's peremptory challenge against Robert Harrell, a black venireman.

The motion court's findings included this:

"Allegations 2(n) and 3(L) and page six of Movant's original motions relate to the fact that a black man, Mr. Harrell, was struck from the jury by the State thereby leaving an all white jury. Movant alleges this strike was in violation of the guidelines set forth in *Batson vs Kentucky,* [476 U.S. 79, 106 S.Ct. 1712], 90 L.Ed.2nd 69 [ (1986) ]. Page eight of the trial transcript reveals that Mr. Harrell was struck from the jury because he had a misdemeanor conviction. This reason by the State clearly rebuts the presumption of discrimination by coming forward with a clear and reasonably specific neutral explanation for excluding Mr. Harrell. *State vs Antwine* 743 SW2nd 51. Mo banc 1987."

Nowhere in movant's point relied on or in the argument that follows it does movant enlighten us as to wherein and why the motion court's findings regarding venireman Harrell are erroneous, or why the motion court was wrong in deciding the Harrell issue against movant without an evidentiary hearing. We hold that mov-

ant's complaint regarding venireman Harrell presents nothing for appellate review.[4]

■ The final ground in movant's point, as we interpret it, is that the motion court erred in denying relief without an evidentiary hearing in that the motion, files and records do not conclusively show that the trial court committed no error in "allowing various exhibits into evidence." While the point does not identify the "various exhibits," we learn from the argument portion of movant's brief that he is referring to a blackboard with a chalk drawing and "various photographs which served only to inflame the passion of the jury against [movant]."

The motion court considered the transcript of the jury trial in making its findings. Movant's brief sets forth no evidence that movant could have presented to the motion court regarding the alleged trial court errors in receiving the chalk drawing and photographs in evidence, and we can imagine none. The contentions of error would necessarily have to be resolved from the trial record.

Movant's brief informs us: "The sole question presented to this court on appeal is whether the [motion] court erred in denying [movant's] motion for post-conviction relief without affording him an evidentiary hearing." We hold an evidentiary hearing was not required on movant's allegation of trial court error in the receipt in evidence of the chalk drawing and photographs. The order of the motion court is affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.

---

4. A comprehensive discussion of the reasons for the "wherein" and "why" requirements of Rule 84.04(d) is set forth in *Thummel v. King,* 570 S.W.2d 679, 685–86[5]–[10] (Mo. banc 1978).