STATE of Missouri, Respondent,

v.

Ricky Dean SCHWENDT, Appellant.

No. 44981.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 11, 1983.

Miller & McAvoy, Michael J. McAvoy, St. Louis, for appellant.

Herbert A. Kasten, Jr., Pros. Atty., Ste. Genevieve County, Ste. Genevieve, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offense of driving while intoxicated, a violation of § 577.010, RSMo.1978, and was sentenced to one day's confinement at the county jail. Defendant appeals. We find no merit to his sole point on appeal and affirm his conviction.

Corporal LeFaivre of the Missouri State Highway Patrol testified that while transporting a prisoner to jail about 1:00 a.m., on May 31, 1981, he observed a 1974 Oldsmobile traveling west on Market Street in Ste. Genevieve, Missouri. When the car reached the intersection with Highway 61 it collided with a stop sign, knocking it over. The driver of the automobile backed up and proceeded north on Highway 61, nearly colliding with another car. The trooper tried to stop the vehicle by flashing his emergency lights and spotlight, but to no avail. He was, though, able to shine his spotlight from a distance of about five feet directly on the driver whom he recognized as the defendant. Because he had a prisoner, the trooper did not give pursuit, but he did radio the sheriff's office the license number and description of the car and driver.

Deputy Kraemer of the Ste. Genevieve County Sheriff's Department testified that he arrived at defendant's house at approximately 1:50 a.m. He told defendant's mother that a trooper wanted to talk to defendant "on a possible hit and run." Over defendant's objection that defendant had not been given his *Miranda* warnings,

the trooper testified that defendant stated he had not been drinking since he had been home and that he had not hit a stop sign. The arrest report prepared by Officer Kraemer containing the above statements of defendant was marked defendant's Exhibit A and was later offered into evidence by defendant.

Defendant was taken to police headquarters. Trooper LeFaivre interrogated defendant and, over objection, testified that defendant stated he had been drinking earlier but had stopped at about 8:00 p.m., and had been driving at the time in question. The trooper further testified that defendant had a moderate odor of alcoholic beverages and was slightly unsteady on his feet. He was given a breathalyzer test at about 2:30 a.m., which indicated .17 blood alcohol content. The alcoholic influence report prepared by Trooper LeFaivre which contained all of the information referred to above was admitted into evidence as state's Exhibit 3 without objection by defendant.

On appeal, defendant contends that the court erred in allowing Trooper LeFaivre and Officer Kraemer to testify as to statements made by defendant, over objection, because he was not advised of his constitutional rights in accordance with the requirements of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In *State v. Neal,* 476 S.W.2d 547, 553 (Mo. banc 1972), our Supreme Court held that "*Miranda* warnings need not be given as a prerequisite to testimony as to admissions made to investigative officers by persons involved in" misdemeanor motor vehicle offenses, regardless of whether the questions are asked before or after the arrest. The court specifically restricted its ruling to "only those misdemeanor offenses arising from the operation of a motor vehicle." 476 S.W.2d at 553.

In the present case, the defendant was picked up at his home for suspicion of committing the class D felony of "hit and run" (leaving the scene of a motor vehicle accident), a violation of § 577.060.[1] We

---

1. A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway and knowing that an injury has been

think because defendant was arrested on suspicion of committing a felony, *Neal* is not controlling in these circumstances. We need not determine though, whether defendant was entitled to *Miranda* warnings, because any error in allowing the officers to testify concerning statements made by defendant was harmless. As to the statements to which officer Kraemer testified, they were contained in his police report, which was admitted into evidence by defendant as Exhibit A. Defendant cannot be heard to complain of improper evidence where facts are fully and properly proved by other evidence. *State v. Fleming,* 577 S.W.2d 174 (Mo.App.1979). Defendant cannot be prejudiced by allegedly inadmissible evidence if he offers evidence to the same effect as the challenged evidence. *See Dunn v. St. Louis-San Francisco Ry. Co.,* 621 S.W.2d 245, 252 (Mo. banc 1981).

The statements to which Trooper LeFaivre testified of which defendant complains, were also recited in state's Exhibit 3 which was admitted into evidence without objection. The failure of the trial court to sustain defendant's objection to the trooper's testimony cannot, therefore, be error. *State v. Fleming,* 577 S.W.2d 174 (Mo.App. 1979).

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

caused to a person or damage has been caused to property, due to his culpability or to accident, he leaves the place of the injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and chauffeur's or registered operator's number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer.