**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Larry TAYLOR, Defendant–Appellant.**

**No. 14856.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 30, 1987.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 21, 1987.

Dan L. Birdsong, Thomas, Birdsong, Clayton & Haslag, Rolla, for defendant-appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOLSTEIN, Judge.

Larry Taylor (Defendant) was convicted of manufacturing marijuana and possession of more than 35 grams of marijuana. Both charges originated in McDonald County; the cases were consolidated and tried in Phelps County, pursuant to a change of venue.

On appeal, defendant raises four points: (1) the trial court erroneously permitted the state to present evidence of the separate crime of assault; (2) the trial court permitted the state to make references to the assault in closing argument; (3) the trial court abused its discretion in failing to grant defendant a continuance; and (4) the trial court committed plain error in permitting the state to introduce a tape-recorded statement containing hearsay statements. For the reasons hereafter stated, we reverse and remand for new trial.

On October 4, 1984, McDonald County Deputy Sheriff John Heiskell was called to the home of Darlene Kinslow's [1] sister. Ms. Kinslow arrived shortly after Deputy Heiskell. During a brief interview with Ms. Kinslow, Heiskell observed bruises and abrasions on her face. Heiskell and Ms. Kinslow then went to the McDonald County Sheriff's office where she permitted photographs to be taken of various injuries on her legs, back, arms and face, and gave a tape-recorded interview to Deputy Heiskell. She also signed a "Consent to Search" authorizing law enforcement authorities to search her residence and outbuildings located on the property. She and defendant had been cohabitating in a trailer house near Anderson, Missouri. Officers then obtained an arrest warrant for defendant. Although it is unclear from the record, the warrant was apparently issued based upon an alleged assault, discussed in detail hereafter.

Armed with Ms. Kinslow's consent to search and an arrest warrant for defendant, Heiskell, the McDonald County Sheriff and other law enforcement officers proceeded to the residence. When they arrived, defendant and his sister were in the process of leaving. Defendant was arrested.

In the trailer house officers found a large quantity of marijuana, easily enough to exceed the 35 gram threshold to qualify as a felony. Outside in a shed, officers found more marijuana which had been placed on top of a horizontal screen which was supported by blocks on each end. Beneath the screen was an electric heater with the blower directed to blow up through the screen and facilitate the drying of the marijuana. Defendant was thereafter charged with possession of the marijuana found in the trailer house and manufacturing the marijuana found in the outbuilding. Following a jury trial, he was sentenced consecutively to twelve years for manufacturing marijuana and to six years for possession of marijuana.

In defendant's first point, he asserts the trial court erred by permitting the state to

1. After defendant was charged in this case, but before trial, he married Darlene Kinslow. At trial she was identified as Darlene Taylor. To avoid confusion, she will be referred to as "Ms. Kinslow" hereafter.

present evidence of an unrelated assault on Ms. Kinslow. During opening statement defense counsel made the following comment regarding what happened on the evening before the trailer was searched:

> "Larry drank too much and after that night he wound up hitting her and she made a complaint against him for assaulting her. That's why they came to the trailer."

At the trial and during the state's case, the state elicited the details of the assault administered to Ms. Kinslow by defendant. This evidence was presented over defendant's objection to its relevancy and because it tended to unduly prejudice the jury against the defendant. The trial court overruled the objection observing that by mentioning the assault during his opening statement, defendant had waived any complaint he had regarding evidence of the unrelated assault against Ms. Kinslow.

Following the overruling of defendant's objection, the state presented the testimony of Deputy Heiskell who in turn related what he had been told by Ms. Kinslow about the assault. According to Heiskell, a day or two prior to defendant's arrest, Ms. Kinslow had accompanied defendant to the Stone Steps Tavern in Noel, Missouri. Another individual by the name of Bob Evenson was there. Evenson engaged Ms. Kinslow in conversation and eventually put his arm around her. Defendant took offense at Evenson's advances. An altercation ensued during which Evenson was knocked to the floor at least once. Evenson had to be assisted out of the tavern, suffering from a broken leg. Defendant and Ms. Kinslow left the tavern and went to the home of some friends. Around 4:00 a.m. the couple returned to the trailer at Anderson where they were then residing. By that time defendant had consumed a substantial quantity of intoxicants. So fortified, defendant berated Ms. Kinslow by accusing her of encouraging Evenson's advances, and calling her abusive names. In his rage, defendant started beating her, striking her face, back, arms and legs. In the process, an ice chest was knocked over, spilling the contents. Defendant then ordered Ms. Kinslow to take off her clothes

and get down on her hands and knees and clean it up. While she was doing so, defendant attacked her again. He put his knees on her arms, and, taking ice by the hand full, he pushed the ice into her mouth and throat, making it impossible for her to breathe. He then proceeded to strike her several more times in the face and hit her with a belt.

It was following this incident that Ms. Kinslow made her complaint to Deputy Heiskell. The tape-recorded statement taken by Heiskell was offered in evidence during the state's case, although it was not actually played to the jury until after the defense had rested. The photographs of Ms. Kinslow's injuries were also offered as part of the state's case.

Defendant did not testify. However, he called Ms. Kinslow as a witness in his behalf at the trial. The only testimony relating to the assault elicited from Ms. Kinslow by defense counsel was as follows:

Q. After that was over and you went home, did he beat you up?

A. Yes, sir.

Q. He was drunk?

A. Yes, sir.

Q. During that time period was he drinking quite a bit?

A. Yes, sir.

Q. He got mean that night?

A. Yes, sir.

Q. You made a complaint against him?

A. Yes, sir.

Q. And you did go back to the trailer for awhile, right?

A. Right.

Q. Now eventually you made a complaint against him for assault. Right?

A. Yes, I did.

As previously noted, defense counsel objected to the testimony of Heiskell, to the introduction of the photographs, and to the introduction of the tape-recorded statement of Ms. Kinslow. The state made no less than eight references to the assault during closing argument. However, no objection was made during closing argument by defense counsel.

Generally, evidence of an unrelated crime for which the defendant is not charged is inadmissible unless the related crime has a legitimate tendency to establish the defendant's guilt. Such evidence must tend to establish (1) motive, (2) intent, (3) absence of mistake, (4) common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, or (5) identity. *State v. Kenley,* 693 S.W.2d 79, 81 (Mo. banc 1985), *cert. denied,* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900. A criminal defendant has the right to be tried only for the crime or crimes with which he is charged. *State v. Pittman,* 731 S.W.2d 43, 47 (Mo.App.1987). Evidence of other crimes is only admitted when one of the exceptions exists, and only when the prejudicial effect of the evidence is outweighed by its probative value. *State v. Mallett,* 732 S.W.2d 527, 534 (Mo. banc 1987). Evidence of other crimes is so highly prejudicial to the rights of a person charged with a crime that it should be received only when there is a strict necessity. *State v. Collins,* 669 S.W.2d 933, 936 (Mo. banc 1984).

▮ The state does not argue that the evidence of the assault tended to establish defendant's guilt. The state claims it was entitled to present evidence of the assault because it impeached Ms. Kinslow's testimony by showing bias and prior inconsistent statements. Such argument is specious for several reasons. First, the evidence of the assault was not offered in response to Ms. Kinslow's testimony, but was offered in the state's case in chief. Second, the state does not identify, nor do we find, any inconsistencies in the victim's trial testimony that would justify introducing evidence of the brutal attack. Third, proving the details of the attack did not tend to demonstrate any bias in favor of the defendant by Ms. Kinslow. Evidence is irrelevant if it does not logically tend to prove or disprove a fact in issue or to corroborate evidence which itself is relevant and bears on the principal issue. *State v. Wood,* 596 S.W.2d 394, 402 (Mo. banc), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980). There is no logical nexus between the evidence of the violent attack of defendant on

Ms. Kinslow and defendant's guilt of manufacturing and possessing marijuana. The trial court erroneously admitted evidence of the unrelated crime of assault.

The state argues that since the defendant mentioned the assault during his opening statement and presented evidence of the same during his case, any objection to evidence of the assault was waived, citing *State v. Schwendt,* 645 S.W.2d 385, 387 (Mo.App.1983). *Schwendt* is distinguishable in that there the defendant presented precisely the the *same evidence* in his case as was presented by the state. Where a defendant presents the same evidence to which he objected when offered by the state, any claim of prejudice by presentation of the otherwise inadmissible evidence of another crime is waived.

The same cannot be said of the case now before the court. While defendant called Ms. Kinslow as a witness, he did not offer to prove the details of the pernicious assault as preserved in the taped statement, nor did the defendant offer the photographs which graphically demonstrated the effect of defendant brutally beating Ms. Kinslow. In summary, the defendant did not offer evidence to the same effect as the challenged evidence.

▮ The state's argument that defendant's mention of the assault in opening statement resulted in a waiver of any complaint about the evidence of the unrelated crime is without merit. An opening statement does not constitute evidence. *State v. Foulk,* 725 S.W.2d 56, 68 (Mo.App.1987). Likewise, the fact that evidence was introduced by the defendant touching on the assault does not preclude him from insisting on appeal that the original ruling of the trial court was wrong. *State v. Foulk,* supra.

▮ The state's final argument is that if admission of evidence of the assault was erroneous, such error was harmless. We disagree. When evidence of other crimes is erroneously admitted, it is presumed to be prejudicial. *State v. Brooks,* 675 S.W.2d 53, 59 (Mo.App.1984) and *State v. Maddox,* 657 S.W.2d 719, 721 (Mo.App.1983). When

a defendant properly preserves his point on appeal and the point is determined by the appellate court to have resulted in error, the state must overcome the presumption of prejudice by proving beyond a reasonable doubt that the error is harmless. *State v. Miller*, 650 S.W.2d 619, 621 (Mo. banc 1983).

■ The primary method of "proving beyond a reasonable doubt" that the error was harmless is to persuade the appellate court that had the same case been presented to a jury without the evidence of the unrelated crime, the same result would have been reached because the evidence of guilt was overwhelming. *Richardson v. State*, 617 S.W.2d 76, 78 (Mo.App.1981).

The evidence against defendant on the charges of possession and manufacture of marijuana in this case was circumstantial. No witness gave direct evidence that the seized marijuana was in defendant's possession at any time. No witness was available to testify they had seen defendant actually processing the marijuana found in the outbuilding. While not objected to, the state's references to defendant as a "wife beater" in closing argument poured salt into the wound, compounding the prejudice. In summary, we cannot say beyond a reasonable doubt that had the same case been presented to a jury without the evidence of the assault, the same result would have been reached.

The first point is dispositive of the case. We need not decide the other points raised by defendant. The judgment is reversed and the cause remanded for trial.

CROW, C.J., and GREENE, P.J., concur.