**STATE of Missouri, Respondent,**

v.

**Gregory Lynn PRUITT, Appellant.**

**No. 15423.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 15, 1988.

Motion for Rehearing or Transfer
Denied Sept. 6, 1988.

Kimberly Bonney Landman, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

Appellant Gregory Lynn Pruitt (defendant) was convicted in the Circuit Court of Greene County of the Class A felony of forcible rape, § 566.030,[1] the Class A felony of sodomy, § 566.060, and armed criminal action, § 571.015. Defendant was sentenced to twenty years each on the rape and sodomy charges and ten years on the armed criminal action charge, all sentences to run consecutively.

Defendant claims error because the trial court overruled defendant's motion in limine in which he sought to preclude the State from introducing testimony regarding an incident in which the victim was assaulted approximately two months prior to the date of the offenses charged. We affirm.

The victim, S.D., was a married woman, with two small children. During the day, she also cared for other children in her home. On June 22, 1986, her husband was working overnight, providing security at a fireworks stand. After going to sleep, S.D. was awakened about three o'clock a.m. by a man standing next to her bed with a shirt tied around his face. At first, she believed it was her husband "playing a joke" on her. The man got into bed with S.D. and began to kiss her on the neck and touch her breasts and vagina. The man did not respond to her questions and after a short period of time, got out of bed, whispered "I'll be back," and left the room. At that point, S.D. became suspicious. She got out of bed and went into her living room where she found a screen out of the living room window and discovered her husband's car was not there. S.D. immediately telephoned a friend, J.K.

J.K. testified that she received the call and, in turn, went to pick up S.D.'s husband at his place of employment and went to S.D.'s home. Officer Tom Gann was called to investigate and found the screen off the window, as testified to by S.D.

At the time of the June incident, defendant lived next door to the victim with a

married couple, R.R., being the husband, and N.R., the wife. R.R. testified that defendant had commented to him during the general time period of the June incident that "he'd like to take [S.D.] to bed." N.R. testified that a day or two after the June incident, she spoke with the victim about it and then went into the defendant's room. In defendant's closet, N.R. found clothing similar to that S.D. described as having been worn by the intruder. In August defendant, R.R., and N.R. moved.

On September 2, 1986, defendant knocked at the victim's door, claiming to have run out of gas and needing a ride. S.D.'s husband gave the defendant a ride home during which he inquired about the husband's school and work schedule.

The next morning, after the husband had left, defendant walked uninvited into S.D.'s home and sat down next to the phone in the living room. S.D.'s children were in the bathtub. Two other children which she kept were in the living room. S.D. testified that following a brief conversation, defendant produced a gun and ordered her to go to the bedroom and undress. After S.D. and defendant were in the bedroom, he stated, "You remember when a man broke into the house a few weeks ago ... That was me ... I didn't finish what I came to do then but I'm gonna finish it now." S.D. testified that at that point, the defendant raped and sodomized her.

Defendant offered a different version of the facts than recited above. He claimed that prior to September 3, 1986, he had an affair with S.D. and that he had consensual sexual relations with her on that date, as well as on prior occasions. The jury apparently believed S.D.'s account. Defendant was convicted. This appeal followed.

The only issue raised on appeal is that the trial court erred in overruling an oral motion in limine not made part of the record. The content of the motion can only be inferred from a comment made by the trial judge in which he states a motion was made which "deals with evidence of defend-

---

1. Unless otherwise indicated, all references to statutes are to RSMo, 1986, and all references to rules are to Missouri Rules of Court, V.A.M.R.

ant having entered the victim's house on an earlier occasion." The judge overruled the motion.

■ Assuming a motion in limine was made, overruling such motion preserves nothing for appeal. To preserve the question, a proper objection must be made when the evidence is introduced at trial. *State v. Brown*, 749 S.W.2d 448, 451 (Mo.App.1988). While objections were made to the testimony of Officer Gann, J.K., R.R., and N.R., no objection was made to the testimony of S.D. The admissibility of S.D.'s testimony regarding the June 22nd incident is not properly preserved for appeal. Also, nothing in the motion for new trial suggests the trial court erred in admitting the testimony of Officer Gann, J.K., R.R., or N.R. The only complaint is the court's ruling on the motion in limine. Where admission of testimony complained of is not assigned as error in the motion for new trial, the issue is not preserved for appellate review. Rule 29.11(d); *State v. Pittman*, 731 S.W.2d 43, 47 (Mo.App.1987). Nevertheless, we will consider whether the court erred in admitting the testimony of S.D., Officer Gann, J.K., R.R., and N.R.

■ The testimony of Gann, J.K., and N.R. was cumulative of matters testified to by S.D. without objection. Admission of evidence of unrelated crimes which is merely cumulative of other evidence received without objection, if error, is harmless. *State v. Hadley*, 736 S.W.2d 580, 589 (Mo. App.1987); *State v. Pinkus*, 550 S.W.2d 829, 837 (Mo.App.1977).

■ The testimony of R.R. did not directly implicate defendant in any criminal act or misconduct, but was only evidence indicating defendant believed the victim was sexually attractive. Defendant presented substantially the same evidence by claiming a consensual sexual relationship with S.D. Any error was cured when defendant so testified. *State v. Molitor*, 729 S.W.2d 551, 556 (Mo.App.1987).

■ Finally, although not argued as such, we consider whether the admission of S.D.'s testimony regarding the June 22nd incident is plain error. Rule 30.20. Evidence of other crimes is admissible if the evidence tends to establish motive, intent, absence of mistake, common scheme or plan embracing the commission of another crime so related to the crime charged that proof of one tends to establish the other, or identity of the defendant. *State v. Taylor*, 739 S.W.2d 220, 223 (Mo.App.1987). While evidence of other crimes should be admitted only when the prejudicial effect of the evidence is outweighed by its probative value, the balancing of prejudicial effect and probative value lies within the sound discretion of the trial court. *State v. Mallett*, 732 S.W.2d 527, 534 (Mo. banc 1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 309, 98 L.Ed.2d 267. Where, as here, the evidence of the other crime tends to establish the intent, motive, identity, and common scheme or plan of the defendant in committing the offenses charged, the trial court committed no abuse of discretion and there is no error, plain or otherwise. *State v. Smith*, 694 S.W.2d 901, 902 (Mo.App.1985). Failure of the trial court to *sua sponte* exclude S.D.'s testimony relating the June 22nd incident did not result in a manifest injustice. See *State v. Sidebottom*, 753 S.W.2d 915 (Mo. banc 1988).

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.