Daniel Ray RILEY, Plaintiff–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 55426.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 15, 1989.

John A. Klosterman, Columbia, for plaintiff-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PUDLOWSKI, Judge.

Movant was charged as a persistent offender for the unlawful use of a weapon in violation of § 571.030 RSMo (Cum.Supp. 1984). A jury found movant guilty and the court sentenced him to three years. Movant's conviction and sentence were affirmed on appeal. *State v. Riley,* 716 S.W.2d 416 (Mo.App.E.D.1986). On February 18, 1988, movant filed his *pro se* Rule 27.26 motion seeking to vacate, set aside or correct his judgment and sentence. On May 11, 1988, appellant filed an amended Rule 29.15 motion. On July 29, 1988, the Honorable Stephen N. Limbaugh, Jr. granted the states motion to dismiss without an evidentiary hearing. From this movant appeals.

Movant alleges that the motion court was clearly erroneous in denying his Rule 29.15 motion without an evidentiary hearing because he received ineffective assistance of counsel during trial. This claim relies upon two points. First, that movant's counsel failed to adequately cross examine a state's witness, James Harrison, concerning the latter's motive to testify falsely because of his possible civil liability. Second, that trial counsel should have called movant's wife, Diane Riley to testify. Movant claims Diane Riley would have stated that: 1) she was assaulted at James Harrison's tavern while other patrons held movant back; 2) the knife allegedly belonging to movant was not his; and 3) she and movant told James Harrison they were thinking of suing him because of this incident.

Appellate review of the trial court's action is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(j). The motion court's findings and conclusions are clearly erroneous only if the review of the record leaves the court with a firm impression that a mistake has been made. *Curtis v. State,* 759 S.W.2d 860, 861–62 (Mo.App.1988); *Barton v. State,* 754 S.W.2d 36, 37 (Mo.App.E.D.1988). In addition, the movant must prove his allegation by a preponderance of the evidence. Rule 29.15(h). Furthermore, an evidentiary hearing shall not be held if the motion, files and records of the case conclusively show that the movant is entitled to no relief. Rule 29.15(g). This is similar to the former Rule 27.26(e) which required an evidentiary hearing when the motion alleges facts, rather than conclusions, which warrant relief not refuted by the record and which resulted in prejudice to the movant. *Johnson v. State,* 748 S.W.2d 417 (Mo.App.E.D. 1988); *Greenhaw v. State,* 627 S.W.2d 103 (Mo.App.1982).

A movant bears a heavy burden to show ineffective assistance of counsel. *State v. Smith,* 714 S.W.2d 834, 836 (Mo. App.E.D.1986). For relief, a movant must show 1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and 2) that he was prejudiced by his attorney's lack of effectiveness. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Robinson v. State,* 760 S.W.2d 516, 517 (Mo.App.1988); *Byrd v. State,* 723 S.W.2d 37, 38 (Mo.App.1987).

Movant's first allegation is that his trial counsel should have cross-examined the alleged victim, James Harrison, more effectively by questioning his credibility and motive to slant the evidence. However, the record shows that movant's trial counsel did attempt to question the witnesses' credibility, but the trial judge found this line of questioning to be irrelevant and sustained the prosecution's objection to it. Thus, when trial counsel attempts a line of questioning during cross-examination of a witness, and is prevented by the trial judge to continue, we hold that

a claim of ineffective assistance of counsel is inappropriate.

 Movant's second claim is that his trial counsel should have called movant's wife, Diane Riley, to testify as a witness at trial. Movant claims Diane Riley's testimony would have included that she had been assaulted at Mr. Harrison's tavern while others held movant back, that the knife did not belong to movant, and that she told the bar owner they were thinking of suing him. The choice of which witness to call and whether the witness would be helpful is a matter of professional judgment and is not an adequate ground to find a movant's trial counsel to have been ineffective. *Smith v. State*, 684 S.W.2d 520 (Mo.App.1984); *Holzer v. State*, 680 S.W.2d 764 (Mo.App.1984).

Movant's trial counsel could have determined that Diane Riley's testimony regarding the aforementioned matters would not have made any difference. The decision of whether to call a witness is a matter of trial strategy, and no prejudice has been shown to overcome the strong presumption of right action. Accordingly, the findings and conclusions of the trial court were not clearly erroneous, and therefore movant is entitled to no relief. Affirmed.

CRANDALL and CARL R. GAERTNER, JJ., concur.