Gregory Lynn **PRUITT,**
Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 16241.

Missouri Court of Appeals,
Southern District,
Division Two.

March 15, 1990.

Motion for Rehearing or to Transfer to Supreme Court Denied April 6, 1990.

Thad Burrows, Asst. Public Defender, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

A jury found movant, Gregory Lynn Pruitt, guilty of forcible rape, § 566.030, forcible sodomy, § 566.060, and armed criminal action, § 571.015. On October 31, 1987, he was sentenced to 20 years for rape, 20 years for sodomy, and 10 years for armed criminal action. The sentences were ordered to run consecutively. His convictions were affirmed in *State v. Pruitt,* 756 S.W.2d 201 (Mo.App.1988). Before June 30, 1988, movant filed a motion for postconviction relief under Rule 29.15. An evidentiary hearing was held and his motion was denied. The movant appeals.

In the underlying trial, S.D., a married woman with children, testified she was raped and sodomized at gun point. The movant had entered her home without permission on September 3, 1986, and committed these acts while her children and other children she was babysitting for were present in the home. Movant admitted the sexual acts, but claimed that he and the victim had an on-going sexual relationship and that S.D. had consented to the sexual relations. Following the evidentiary hearing on the motion, the motion court made detailed findings of fact, and denied relief.

■ Movant's first point on appeal is "The court in movant-appellant's Rule 29.15 hearing erred in finding that movant-appellant was not denied effective assistance of counsel in that his trial counsel, unlike a reasonably competent attorney under similar circumstances, failed to fully investigate the defense of consent to the prejudice of movant-appellant in that an effective defense at trial was thereby precluded."

This point nowhere approaches compliance with the "wherein and why" requirement of Rule 84.04(d) and Rule 30.06(d). This point "written contrary to mandatory requirements of Rule 84.04(d) which cannot be comprehended without resorting to other portions of the brief preserve[s] nothing for appellate review. *Willis v. State,* 630 S.W.2d 229, 232[1] (Mo.App.1982); *Lane v. State,* 611 S.W.2d 44, 46[1] (Mo.App.1981); *Adkins v. State,* 560 S.W.2d 67, 69[3] (Mo. App.1977)." *Tate v. State,* 773 S.W.2d 190, 192 (Mo.App.1989).

It is ironic that an attempt to establish trial counsel was ineffective is made by a point that preserves nothing for review. Nevertheless, this court will gratuitously give full consideration to the movant's contentions presented in the argument portion of his brief, as amplified by movant's pro se motion and amended motion. Those contentions under his first point are that trial counsel in three respects made an ineffective investigation. The standard by which those contentions are to be measured is well established.

"To establish counsel's ineffectiveness for failing to investigate and present defense witnesses, a movant must prove the witnesses could have been located through reasonable investigation; they would have testified if called; and their

testimony would have provided a viable defense." *Eddes v. State,* 776 S.W.2d 463, 464–465 (Mo.App.1989).

■ Movant's first contention is that trial counsel was ineffective because he made no attempt to find witnesses to establish that R.R. was at the Town House Lounge on June 14, 1986. That contention has the following background. At that time, movant was living in the home of R.R., who lived next door to the victim. At the motion hearing, movant testified that on June 14, R.R. and his wife had gone to the Town House Lounge to celebrate R.R.'s birthday. The victim then came to R.R.'s house where the movant and the victim had consensual sexual intercourse. R.R. testified that on June 14, 1986 he was at home.

A related contention is that in deposing R.R., trial counsel did not ask him of his whereabouts on June 14, 1986.

At the motion hearing, trial counsel testified that the whereabouts of R.R. on June 14, 1986 became an issue only after movant had testified at the trial and R.R. testified in rebuttal. The movant had the burden of proof to establish his contentions. *Riley v. State,* 774 S.W.2d 581 (Mo.App.1989). He utterly failed to do so. The evidence at the motion hearing presents no suggestion of the identity of any person who was in the Town House Lounge on June 14, 1986, who could have been reasonably located at the time of trial preparation. Obviously, the efforts of motion counsel and his investigator less than a year later produced no such suggestion. Certainly there was no evidence even tending to prove that the testimony of such a person, if located and called, would have provided a viable defense. The absence of such proof demonstrates movant failed to establish he was prejudiced by trial counsel's failure to ask R.R. of his whereabouts on June 14, 1986 at the time of his deposition. The absence of such evidence before the motion court demonstrates that movant's proof falls far short of the proof of an ineffective investigation required by the standard established in a multitude of cases and restated in *Eddes v. State,* supra. Cf. *Franklin v. State,* 655 S.W.2d 561 (Mo.App.1983).

Further, the record, including the transcript, of the underlying trial was before the motion court. That record also demonstrates the movant's contentions are made without foundation. At the underlying trial, movant testified he had consensual sex with the victim five times. He identified the second occasion in the following answer:

"A. It was right after *my birthday* June the 14th." (Emphasis added.)

On cross-examination, he confirmed the date as June 14, 1986.

The following is the relevant portion of the rebuttal testimony of R.R.:

"Q. Does the date June 15th mean anything to you?

A. It's my birthday.

Q. Do you recall where you were on June 15th, 1986?

A. I was at home.

Q. Do you recall where you were on June 14th, of 1986?

A. I was at home, still.

Q. Now, how do you recall that?

A. I was recovering from surgery.

Q. Were you home all night on the 14th?

A. Yes."

The two contentions mentioned above have no merit.

■ The movant's third contention is that trial counsel failed to investigate leads to locate one of the victim's babysitting clients who saw the movant and victim together in the victim's home the day before the offense was committed. Motion counsel's investigator indicated that the babysitting client was one D.P. The third contention of the movant totally ignores the record. The undisputed evidence at the motion hearing was that the victim supplied trial counsel with the names of three babysitting clients. An investigator for trial counsel contacted the three families. D.P. and his wife told the investigator their child was not at the victim's home on the day in question. Two other clients said their children were there but they did not see anything on that day. The motion court found that trial counsel did interview

all witnesses who could reasonably be of assistance to the defense and the suggested client of the victim would not have been a helpful witness. This finding is supported by the evidence. The contentions under movant's first point have no merit and are denied.

■ Movant's second point is that trial counsel was ineffective because he "failed to request an instruction on the defense of consent to the prejudice of appellant". It is apparent the point is vague. However, it may be assumed it presents some issue for review. Nevertheless,

"Rules 30.06(e) and 84.04(e) provide: '... If a point relates to the giving, refusal, or modification of an instruction such instruction shall be set forth *in full* in the argument portion of the brief....' " *Ross v. State*, 629 S.W.2d 572, 576 (Mo. App.1981) (emphasis in original).

Movant's brief does not comply. It does not suggest, even in general terms, the language of the instruction trial counsel should have requested. By reading the cases he cites, such as *State v. Foster*, 631 S.W.2d 672 (Mo.App.1982), it is apparent he is referring to MAI–CR 2d 2.37.1 used to submit to a defendant's mistake of fact concerning a rape victim's consent. The cases movant cites are not applicable. Those cases were tried before January 1, 1987, while MAI–CR 2d was applicable.

Movant's underlying trial was held on September 8, 1987. The directions on "How to Use This Book", in MAI–CR 3d provide:

"The instructions in this book must be used for all trials occurring on or after January 1, 1987, provided that the instruction reflects the substantive law concerning the offense. The instruction must reflect the substantive law concerning the offense in effect as of the time of the commission of the offense." MAI–CR 3d, XXXIX, 1–1–87.

The instruction on mistake of fact or mistaken belief the movant refers to was a converse instruction. MAI–CR 3d 304.11—Defenses, Converse Instructions, includes the following mandate.

"A defendant is entitled to one converse instruction for each verdict director, which may converse one or more, but less than all, elements submitted in the verdict director. MAI–CR 3d 308.02.

The defendant (and only the defendant) has an option as to the use and the form of such coverage. Notes on Use 2 to MAI–CR 3d 308.02.

Special attention should be paid to the treatment of 'mistake of fact' in this edition. MAI–CR 2d contained a separate instruction form on Mistake Negating Required Mental State. MAI–CR 2d 2.37.1. This instruction has been eliminated. Evidence of a belief (mistaken or not) that is inconsistent with the mental element required for an offense is simply evidence that the defendant lacked the required culpable mental state. Any separate instruction based on such beliefs will simply be a converse to the mental element which it negatives."

\*        \*        \*        \*        \*        \*

MAI–CR 3d 304.11, 1–1–87.

In the underlying trial, the verdict directing instruction used to submit the charge of forcible rape to the jury was MAI–CR 3d 320.02.1A, which included the following submissions:

\*        \*        \*        \*        \*        \*

"Second, that defendant did so without the consent of [S.D.] by the use of forcible compulsion, and

\*        \*        \*        \*        \*        \*

Fourth, that defendant knew that sexual intercourse was being accomplished without the consent of [S.D.] by forcible compulsion, and"

\*        \*        \*        \*        \*        \*

In addition, the movant submitted a converse instruction using MAI–CR 3d 308.02, which directed the jury in the following language:

"As to Count I, if you have a reasonable doubt as to whether the Defendant:

First, had sexual intercourse with [S.D.], and

Second, did so without the consent of [S.D.], by the use of forcible compulsion, and

Third, that in the course of this conduct the Defendant displayed a deadly weapon in a threatening manner, you must find the Defendant not guilty of forcible rape."

MAI–CR 3d 320.08.1, used to submit the offense of forcible sodomy, and MAI–CR 3d 308.02 conversing that instruction, contained similar submissions.

The instructions used reflected the substantive law of forcible rape, § 566.030, and the substantive law of forcible sodomy, § 566.060 in effect on September 3, 1986, the date of the offenses submitted to the jury. Those instructions clearly and unmistakably submit the issue of the victim's consent to the jury. Cf. *State v. Walker,* 484 S.W.2d 284 (Mo.1972); *State v. Gray,* 423 S.W.2d 776 (Mo.1968). The movant was not prejudiced by the fact MAI–CR 2d 2.37.1 was not given. Moreover, trial counsel cannot be found ineffective for failing to request an instruction on consent prohibited by MAI–CR 3d. Movant's second point is denied. The judgment is affirmed.

HOGAN, C.J., and FLANIGAN, P.J., concur.