**STATE of Missouri, Plaintiff–Respondent,**

v.

**Rena(e) J. GREENE, Defendant–Appellant.**

**Renae J. GREENE, Defendant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 16945, 17454.

Missouri Court of Appeals, Southern District, Division One.

Dec. 11, 1991.

**346**

Marcie W. Bower, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Denise L. Garnier, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Presiding Judge.

Defendant was charged with robbery and armed criminal action. Following a jury verdict finding her guilty of both counts, she was sentenced to thirty years for robbery and fifteen years for armed criminal action, the sentences to be served consecutively. Defendant appeals. Following conviction, defendant filed a motion seeking to vacate the conviction under Rule 29.15. Following that denial, she also appealed. Those appeals were consolidated. Rule 29.-15(*l*).

On September 26, 1989, the owners of the Medicine Shoppe Pharmacy in Joplin were robbed at the pharmacy by a woman carrying a gun. The next day the Joplin Police Department received an anonymous phone call. Based upon information received during the call, the police conducted a "stakeout" at the residence where defendant was staying. On September 28, 1989, defendant left the residence and was arrested by the police. The police searched defendant's car and seized a .22–caliber gun and two boxes of .22 shells from under the passenger seat. The pharmacy owners identified defendant as the robber by her photograph and in court. Additionally, the owners testified that the gun taken from the defendant's car resembled the gun used by the woman who committed the robbery.

In her first point on appeal, defendant contends the trial court erred in allowing certain comments to be made by the assistant prosecuting attorney. In defense counsel's closing argument he referred to the "photo array", which included defendant's photo, shown to the owners of the pharmacy. He said that defendant's photograph was the only one that "remotely" fit the description and who was wearing clothes similar to that of the robber. Defense counsel continued:

Why was it done that way? Because the police believed the snitch. We don't even know who the snitch is. I never had an opportunity to cross-examine. Renae Greene never had an opportunity to confront. But they got a telephone call from a snitch; we don't know what that snitch's motivation was, but they said we have some information, and the police acted only on that information to put out a surveillance on a house, and they arrested Renae Greene based on that information. And then it was set up.

The argument complained of occurred during the state's rebuttal closing argument. The transcript reflects the following occurred:

[Assistant Prosecuting Attorney Scott] He tells you he didn't know who the snitch was. He told you that, he stood here in front of you and told you that he didn't know who it was and he couldn't talk about it. He knew who it was.

MR. PRICE [defense attorney]: Your Honor, I'm going to object to that, there's no evidence whatsoever that they have ever been disclosed this confidential informer.

THE COURT: The objection is overruled; proceed.

MR. SCOTT: He knew who it was, he's the one—he knew before I did. He's the one that told me who it was. He pointed it out right in the hall today. He knew it, he stood up here and tells you he doesn't know.

MR. PRICE: Your Honor, I object. May we approach the bench?

[Counsel approached the bench and the following proceedings were had out of the hearing of the jury.]

MR. PRICE: Your Honor, this is going far beyond the bounds of meeting any argument which I have made that was beyond the record. Now we're talking personal attack, and he's telling the jury that I lied to them.

THE COURT: Objection sustained; proceed.

MR. SCOTT: The record ought to be clear that he did lie to them.

THE COURT: The record reflects—

MR. PRICE: Let me add that there's no proof, it doesn't make any difference, Your Honor.

THE COURT: Just a moment. The record will reflect what the record reflects. You are not to discuss it any further. Proceed with your argument.

MR. PRICE: Your Honor, I would ask that the jury be instructed to disregard the comment that the prosecuting attorney made that I intentionally misled this jury with a malicious intent to do so.

THE COURT: I'm not going to instruct the jury.

When counsel for defendant states "we don't even know who the snitch is", he may have been referring to there being no evidence of who the informant was. The statement could also be interpreted to mean that he and his client did not know who it was. The prosecutor apparently interpreted defense counsel's comment to mean that he did not personally know who the informant was. The prosecutor proceeded to say that defense counsel "knew who it was".

An objection was overruled and the prosecutor said that defense counsel knew before the prosecutor did who the snitch was and that defense counsel "pointed it out right in the hall today. He knew it, he stood up here and tells you he doesn't know." These statements are beyond the record and imply that defendant's counsel either lied or sought to mislead the jury, neither of which is supported by the record.

It is improper for the state to argue matters not in evidence. *State v. Hornbeck*, 702 S.W.2d 90, 93 (Mo.App.1985); *State v. Cannady*, 660 S.W.2d 33, 39 (Mo. App.1983). See also *State v. Burnfin*, 771 S.W.2d 908, 912 (Mo.App.1989) (improper statements by a prosecutor may inject prejudice which can not be neutralized).

■ Statements, without basis in the record, that defendant's counsel acted improperly, are error, as they degrade the defense. *State v. Spencer*, 307 S.W.2d 440, 447 (Mo.1957). See also *State v. Harris*, 662 S.W.2d 276 (Mo.App.1983). In *Spencer*, an improper comment was made that the defendant's counsel "browbeat the witnesses". That argument was held reversible error.

■ The argument in *Spencer* was not as improper as the argument here. Saying defense counsel lied or intentionally attempted to mislead the jury without a basis in the record cannot be allowed. The argument was outside the record and highly improper. It was error to allow even part of it. Although sustaining an objection to the last portion of the argument, the trial court refused corrective action. Whether instructing the jury to disregard the prosecutor's statements might have changed the result, it is not necessary to decide.

The state contends that if the argument was improper it was not reversible error because the evidence of guilt was strong. When an appellate court determines that error resulted in a criminal matter, the state must overcome the presumption of prejudice by proving beyond a reasonable doubt that the error is harmless. *State v. Taylor*, 739 S.W.2d 220, 224 (Mo.App.1987). See also *State v. Miller*, 650 S.W.2d 619, 621 (Mo. banc 1983).

Although there was substantial evidence of guilt, and the sufficiency of the evidence was not questioned, the unsupported statement that defense counsel was lying to the jury is so serious and potentially prejudicial that it might have affected the jurors' deliberations. The evidence was not so strong as to be conclusive that defendant was guilty, but depended primarily upon eye witness testimony.

The judgment in Case No. 16945 (No. CR589–1341FX in the trial court) is reversed and the cause remanded for a new trial. The appeal in Case No. 17454 (No.

CV190–1081CC in the trial court) is dismissed as moot.

PARRISH, J., concurs and files concurring opinion.

CROW, J., concurs in principal and concurring opinion.

PARRISH, Judge, concurring.

I concur. Recently, in *State v. Hernandez*, 815 S.W.2d 67, 71 (Mo.App.1991), this court made the following observation:

> It is unfortunate when prosecuting officials with otherwise strong evidence in support of a conviction choose to go beyond the legitimate evidence that is available to them and pursue other inflammatory and irrelevant triviality in quest of conviction. When this occurs, the result of appellate review is assured.

Although the facts of this case are not similar to the facts in *Hernandez*, the warning sounded there is equally apropos. Prosecuting officials have the duty to prosecute cases with vigor, but they have the duty to do so within the bounds of rules of evidence and within the procedural boundaries prescribed for the conduct of criminal trials. That was not done in this case. I concur in the determination that the case must be reversed for the reasons stated in the principal opinion. I write this separate opinion only to attempt to amplify the warning sounded in *Hernandez*.