STATE of Missouri, Plaintiff–
Respondent,

v.

Jimmy D. JORDAN, Defendant–
Appellant.

No. 17809.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 4, 1992.

Ellen H. Flottman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SHRUM, Judge.

A jury found the defendant, Jimmy D. Jordan, guilty of the class A felony of forcible rape, § 566.030.1, RSMo 1986, and assessed punishment of 12 years' imprisonment. He appeals; we affirm.

## ISSUES ON APPEAL

The defendant raises two issues on appeal: (1) Whether the trial court committed plain error in failing to declare a mistrial *sua sponte* following alleged improper closing argument by the prosecutor, and (2) whether a jury instruction defining "proof beyond a reasonable doubt" allowed the jury to convict the defendant on a degree of proof below that required by due process.

## FACTS

On January 13, 1990, the victim and her stepsister were driving around in Caruthersville, Missouri, when they met the defendant and his friend. The four decided to play a game called "Cat and Mouse" in which the occupants of one vehicle hide their vehicle and the occupants of another vehicle try to find the hidden one. The defendant got into the victim's vehicle, and the victim's stepsister got into another vehicle with the defendant's friend. The defendant directed the victim to drive her vehicle "down to the river," and she complied.

While waiting for the others to find them, the victim and the defendant began kissing. When the defendant started kissing her "harder," the victim told him, "No, that I didn't want to. I wanted to leave." The defendant took the keys from the victim, would not let her out of the vehicle, put his hands around her neck and tried to strangle her, pushed her into the back seat, and had sexual intercourse with her.

Following his arrest, the defendant admitted to a highway patrol polygraph operator that he had forced the victim to remove her blue jeans and that he had forced her to have sexual intercourse with him. At trial, the defendant testified that he and the victim had engaged in consensual sexu-

al intercourse, and he denied that he had confessed to the crime.

During closing argument, the defense counsel lodged no objection to any of the prosecutor's comments to the jury, and the alleged errors in the state's closing argument were not raised in the defendant's motion for new trial.

## CLOSING ARGUMENT ISSUE

■ Because the alleged errors on the part of the prosecutor in closing argument were not subject to contemporaneous objection and were not raised in the defendant's motion for new trial, they can be examined only under the plain error standard of Rule 30.20.[1] *State v. Roberts,* 709 S.W.2d 857, 864[6] (Mo. banc), *cert. denied,* 479 U.S. 946, 107 S.Ct. 427, 93 L.Ed.2d 378 (1986).

The defendant requests plain error review by this court, arguing that the prejudice to him from the prosecutor's closing argument rises to the level of manifest injustice and miscarriage of justice. Specifically, the defendant charges that a portion of the prosecutor's argument appealed to the jury "to act as the community conscience," and that it "overstepped the bounds of a fair trial" because it permitted the defendant to be convicted "for reasons wholly irrelevant to his own guilt or innocence."[2] The defendant, citing *State v. Greene,* 820 S.W.2d 345 (Mo.App.1991), also argues that the prosecutor, in his closing argument, "improperly mounted a personal attack upon defense counsel's integrity."[3]

Appellate courts of this state "rarely grant relief on assertions of plain error as to closing argument ... because, in the absence of objection and request for relief, the trial court's options are narrowed to

uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Clemmons,* 753 S.W.2d 901, 907–08 (Mo. banc), *cert. denied,* 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). Because trial strategy looms as an important consideration in any trial, assertions of plain error concerning matters contained in closing argument are generally denied without explication. *State v. Wood,* 719 S.W.2d 756, 759[5] (Mo. banc 1986). In *State v. McMillin,* 783 S.W.2d 82 (Mo. banc), *cert. denied,* —— U.S. ——, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990), our supreme court refused to review the defendant's claims with respect to closing argument under the plain error standard, stating, "The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review." 783 S.W.2d at 97–98[31].

Adhering to the foregoing, we expressly refuse to review the defendant's claims with respect to the prosecutor's closing argument. The defendant waived his claim of error by failure to preserve error. *See McMillin,* 783 S.W.2d at 98[31]. Perhaps defense counsel "considered the remarks inconsequential not warranting objection[,] or as trial strategy [counsel] set the stage for built in error." *See Wood,* 719 S.W.2d at 760[5]. Whatever the reason for counsel's failure to object, we decline to exercise our discretion to review under the plain error rule.

## REASONABLE DOUBT DEFINITION

■ The defendant's second point is that the trial court erred when it submitted Instruction No. 4, patterned after MAI–CR3d 302.04, which defines *reasonable*

---

1. Rule 30.20 provides, in pertinent part, "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

2. In support of this prong of his argument the defendant cites *United States v. Solivan,* 937 F.2d 1146, 1148 (6th Cir.1991), and *United States v. Monaghan,* 741 F.2d 1434, 1441 (D.C.Cir. 1984), *cert. denied,* 470 U.S. 1085, 105 S.Ct. 1847, 85 L.Ed.2d 146 (1985). In both *Solivan* and

*Monaghan,* timely defense objections were made to the prosecutors' arguments.

3. *Greene* is distinguishable from this case. In *Greene,* defense objections to the improper argument were made and sustained but additional requested relief was denied. Thus, *Greene* did not involve plain error review. In *State v. Burnfin,* 771 S.W.2d 908 (Mo.App.1989), also cited by the defendant, defense counsel objected to the prosecutor's closing argument.

*doubt* as "proof that leaves you firmly convinced of the defendant's guilt." Relying on *Cage v. Louisiana,* 498 U.S. ——, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the defendant charges that Instruction No. 4 "unconstitutionally lowered the reasonable doubt standard for the jury to follow in this case...."

The same contention was raised and denied by the Missouri Supreme Court in *State v. Antwine,* 743 S.W.2d 51 (Mo. banc 1987), *cert. denied,* 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988), and more recently in *State v. Griffin,* 818 S.W.2d 278 (Mo. banc 1991). The defendant's point is governed by *Griffin* and *Antwine,* not by *Cage.* *State v. Edmonson,* 827 S.W.2d 243, 249 (Mo.App.1992); *State v. Vanzant,* 814 S.W.2d 705, 708 (Mo.App.1991). Accordingly, it is denied.

Judgment affirmed.

PARRISH, C.J., and CROW, P.J., concur.